**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4018**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

AARON KEITH HOWARD,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Richard D. Bennett, District Judge.
(1:14-cr-00216-RDB-1)

———————

Submitted:  October 29, 2015          Decided:  November 5,2015

———————

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Lucius T. Outlaw, III,
Assistant Federal Public Defender, Baltimore, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, Paul E.
Budlow, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Keith Howard pled guilty to conspiracy to steal government property and theft of government property, 18 U.S.C. §§ 371, 641 (2012), and was sentenced to 84 months' imprisonment. Howard's conviction arose out of his participation in a four-year operation with co-defendant Roland Muir involving the theft of aluminum carts from a United States Postal Service bulk mail facility in Maryland. Howard and Muir would arrive at the facility late at night and load the carts into a truck; they later resold the carts for scrap metal value. Over the course of their conspiracy, Howard and Muir stole 2611 carts, valued at approximately $3.7 million (netting them over $400,000).

On appeal, Howard argues that the district court erred in applying a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(B)(9)(A) (2014), which provides for the enhancement if "the offense involved . . . a misrepresentation that the defendant was acting on behalf of . . . a government agency." Finding no error, we affirm.

In assessing a challenge to the district court's application of the Guidelines, this court reviews the district court's factual findings for clear error, its legal conclusions de novo, and unpreserved arguments for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). This

2

court will "find clear error only if, on the entire evidence, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks and citations omitted).

The Guidelines provide a two-level enhancement "in any case in which the defendant represented that the defendant was acting to obtain a benefit on behalf of . . . a government agency (regardless of whether the defendant actually was associated with the . . . government agency)." USSG § 2B1.1(b)(9), comment. (n.8(B)). Here, we find that the district court properly concluded that Howard's statement to a USPS employee that Howard worked for the IRS in Baltimore warranted the enhancement.

Howard also argues, for the first time on appeal, that the enhancement under § 2B1.1(b)(9) applies only to crimes involving fraud and not theft. Because Howard failed to raise this claim below, review is for plain error. See Fed. R. Crim. P. 52(b). We find no error—let alone plain error—in the district court's application of § 2B1.1(b)(9) to a theft crime. Section 2B1.1 is entitled, in part, "Larceny, Embezzlement, and Other Forms of Theft" and the Introductory Commentary to this section of the Guidelines states that "[t]hese sections address basic forms of property offenses: theft, embezzlement, fraud, forgery . . ."

3

Accordingly, we affirm Howard's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED